1   Scott J. Ferrell, Bar No. 202091
      sferrell@pacifictrialattorneys.com
2   David W. Reid, Bar No. 267382
      dreid@pacifictrialattorneys.com
3   PACIFIC TRIAL ATTORNEYS
    A Professional Corporation
4   4100 Newport Place Drive, Suite 800
    Newport Beach, CA  92660
5   Tel: (949) 706-6464
    Fax: (949) 706-6469
6
    Attorneys for Defendants
7   FITNESS INTERNATIONAL, LLC
    and NATIONAL RETAIL PROPERTIES, INC.
8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11                      **SAN FRANCISCO DIVISION**

12  MARVA SAMUEL,                          | Case No. 3:18-cv-05818-VC

13          Plaintiff,                     | **NOTICE OF MOTION AND DEFENDANTS FITNESS INTERNATIONAL, LLC AND**

14          v.                             | **NATIONAL RETAIL PROPERTIES, INC.'S MOTION TO COMPEL**

15  FITNESS INTERNATIONAL, LLC, dba        | **ARBITRATION AND FOR STAY**
    CITY SPORTS CLUB; NATIONAL             | **PENDING ARBITRATION;**
16  RETAIL PROPERTIES, INC.; AND           | **MEMORANDUM OF POINTS AND**
    DOES 1-20, INCLUSIVE,                  | **AUTHORITIES IN SUPPORT**
17                                         | **THEREOF**

18          Defendants.                    | [Declaration of Christy Pham filed

19                                         | concurrently herewith; [Proposed] Order
                                           | lodged concurrently herewith]
20
                                           | Date:         November 29, 2018
21                                         | Time:         10:00 a.m.
                                           | Judge:        Hon. Vince Chhabria
22                                         | Courtroom:    4

23

24

25

26

27

28

---

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 29, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Vince Chhabria, United States District Judge, in Courtroom 4 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Fitness International, LLC and National Retail Properties, Inc. will and hereby do move to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and, to the extent that the Court does not dismiss the entirety of the action, for a stay pending the completion of such arbitration.

This Motion is based upon this Notice of Motion, the concurrently-filed Memorandum of Points and Authorities in support thereof, the Declaration of Christy Pham, all of the papers and pleadings on file in this action, and upon such other and further evidence as the Court may consider at the hearing of the Motion.

Dated:  October 25, 2018          PACIFIC TRIAL ATTORNEYS
                                  A Professional Corporation
                                  Scott J. Ferrell
                                  David W. Reid


                                  By: _/s/Scott J. Ferrell_____
                                      Scott J. Ferrell
                                      Attorneys for Defendants
                                      FITNESS INTERNATIONAL, LLC and
                                      NATIONAL RETAIL PROPERTIES, INC.

# TABLE OF CONTENTS

I.  INTRODUCTION ............................................................................................... 1

II.  BACKGROUND AND PROCEDURAL HISTORY ...................................... 2

III.  ARGUMENT ..................................................................................................... 4

    A.  Legal Standard............................................................................................ 4

    B.  All of Plaintiff's Claims Against Defendant Fitness International Are Subject to the Broad Arbitration Agreement that Plaintiff Signed at the Outset of Her Membership in CSC. ............................................................................ 6

    C.  The Court Should Allow Defendant NRP to Enforce Plaintiff's Arbitration Agreement. ....................................................... 8

        1.  Equitable Estoppel Applies to Defendant NRP .......................... 8

            a.  Reliance on the Underlying Contract ........................... 9

            b.  Substantial Interdependence Founded in Underlying Membership Agreement ....................... 10

        2.  An Agency Relationship Exists. ................................................. 11

        3.  Defendant NRP is a Third-Party Beneficiary of the Membership Agreement. ............................................................ 12

    D.  The Court Should Stay the Action Pending the Completion of the Arbitration. ................................................................................... 13

IV.  CONCLUSION ............................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Amirhamzeh v. Wells Fargo Bank, N.A.*,
    Case No. 14-cv-02123-VC, 2014 WL 12610227 (N.D. Cal. Oct. 31,
    2014) (Chhabria, J.) ....................................................................................... 6, 7, 8

*Arthur Andersen LLP v. Carlisle*,
    556 U.S. 624, 632, 129 S. Ct. 1896, 173 L.Ed.2d 832 (2009)..................................... 8

*AT & T, Techs., Inc. v. Communications Workers of Am.*
    475 U.S. 643(1986). ..................................................................................................... 6

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
    207 F.3d 1126 (9th Cir. 2000) ................................................................................. 4, 5

*Circuit City Stores, Inc. v. Adams*,
    532 U.S. 105 (2001) ...................................................................................................... 4

*First Options of Chi., Inc. v. Kaplan*,
    514 U.S. 938 (1995)....................................................................................................... 5

*Fisher v. SJB–P.D. Inc.*,
    214 F.3d 1115 (9th Cir. 2000) .................................................................................... 13

*Grigson v. Creative Artists Agency, LLC*,
    210 F.3d 524 (5th Cir.2000) ......................................................................................... 9

*Hebei Hengbo New Materials Tech. Co., Ltd. v. Apple, Inc.*,
    No. 18-CV-00468-LHK, 2018 WL 4635635 (N.D. Cal. Sept. 26, 2018)
    (Koh, J.) ..............................................................................................................4, 5, 13

*Hopkins & Carley, ALC v. Thomson Elite*,
    2011 WL 1327359 (N.D. Cal. Apr. 6, 2011) ................................................................ 4

*Indiezone, Inc. v. Rooke*,
    Case No. 13-cv-04280-VC, 2014 WL 12613308 (N.D. Cal. June 17,
    2014) (Chhabria, J.), *withdrawn by*, 2014 WL 4354122 (N.D. Cal. Sept.
    2, 2014)........................................................................................................................ 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Kramer v. Toyota Motor Corp.*,
  705 F.3d 1122 (9th Cir. 2013) (discussing *Arthur Andersen LLP v.*
  *Carlisle*, 556 U.S. 624, 632, 129 S. Ct. 1896, 173 L.Ed.2d 832 (2009)) ................ 8, 9

*Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*,
  473 U.S. 614 (1985) ............................................................................................... 6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) ............................................................................................... 6, 7

*Mundi v. Union Sec. Life Ins. Co.*,
  555 F.3d 1042 (9th Cir. 2009) ............................................................................ 5, 6

*Nghiem v. NEC Elec., Inc.*,
  25 F.3d 1437 (9th Cir. 1994) .................................................................................. 7

*Qualcomm Inc. v. Nokia Corp.*,
  466 F.3d 1366 (Fed. Cir. 2006) .............................................................................. 5

*Rajagopalan v. NoteWorld, LLC*,
  718 F.3d 844 (9th Cir. 2013) .................................................................................. 8

*Rent–A–Center, West, Inc. v. Jackson*,
  561 U.S. 63 (2010) .................................................................................................. 4

*Republic of Nicaragua v. Standard Fruit Co.*,
  937 F.2d 469 (9th Cir. 1991) .................................................................................. 5

*Simula, Inc. v. Autoliv, Inc.*,
  175 F.3d 716 (9th Cir. 1999) .................................................................................. 7

*Swift v. Zynga Game Network, Inc.*,
  805 F. Supp. 2d 904 (N.D. Cal. 2011) .................................................................. 13

*Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*,
  489 U.S. 468 (1989) ................................................................................................ 5

*Wagner v. Stratton Oakmont, Inc.*,
  83 F.3d 1046 (9th Cir. 1996) .................................................................................. 6

*Wander v. Kaus*,
  304 F.3d 856 (9th Cir. 2002) ................................................................................ 13

**California Cases**

*Boucher v. Alliance Title Co.*,
  127 Cal. App. 4th 262, 25 Cal.Rptr.3d 440 (2005) ....................................... 9

*Goldman v. KPMG LLP*,
  173 Cal. App. 4th 209, 92 Cal.Rptr.3d 534 (2009) ......................8, 9, 10, 11

*Jones v. Jacobson*,
  195 Cal. App. 4th 1, 125 Cal.Rptr.3d 522 (2011) ....................................... 9

*Matthau v. Super. Ct.*,
  151 Cal. App. 4th 593, 60 Cal.Rptr.3d 93 (2007) ....................................... 12

*Metalclad Corp. v. Ventana Envtl. Organizational P'ship*,
  109 Cal. App. 4th 1705, 1 Cal.Rptr.3d 328 (2003) ................................9, 10

*Nguyen v. Tran*,
  157 Cal. App. 4th 1032, 68 Cal.Rptr.3d 906 (2007) ................................... 12

*Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*,
  282 P.3d 1217 (Cal. 2012) .......................................................................... 7

*Westra v. Marcus & Millichap Real Estate Inv. Brokerage Co.*,
  129 Cal. App. 4th 759, 28 Cal.Rptr.3d 752 (2005) ..................................... 11

**Federal Statutes**

9 U.S.C.
  §1............................................................................................................ 4
  § 2........................................................................................................... 4
  § 3........................................................................................................4, 13
  § 4........................................................................................................... 5
  Federal Arbitration Act ....................................................................*passim*

42 U.S.C.
  § 12181 *et seq.* ...................................................................................... 3
  § 12188(a) ............................................................................................ 13

Title III of the ADA .........................................................................1, 6, 13

**California Statutes**

Cal. Civ. Code

§ 51 *et seq.* .................................................................................................... 3
§ 54 *et seq.* .................................................................................................... 3
§ 1559 ......................................................................................................... 12

California Health and Safety Code

§ 19955 *et seq.* ............................................................................................. 3

**Federal Rules of Civil Procedure**

Rule 26(f) ....................................................................................................... 6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Marva Samuel's ("Plaintiff") Title III ADA action against a specific public accommodation located in Antioch, California, operated by Defendant Fitness International, LLC ("Fitness International"), doing business as City Sports Club ("CSC"), a members-only fitness center, ignores the fact that Plaintiff's Membership Agreement dated March 16, 2016 that she entered into at the outset of her membership in CSC contains an enforceable arbitration agreement as to virtually all disputes with Fitness International. Fitness International and the parent entity of its landlord, Defendant National Retail Properties, Inc. ("NRP"),[1] hereby timely seek to enforce such arbitration provision by compelling Plaintiff to have her dispute with both Defendants submitted to arbitration under the rules of the American Arbitration Association at a location near Antioch, California so that it shall be convenient for Plaintiff to participate in such arbitration.

Although Defendant NRP is a nonsignatory to the Membership Agreement, Defendant NRP is entitled to invoke the arbitration agreement signed by Plaintiff as to her dispute with Defendant NRP under principles of equitable estoppel, agency, and third-party beneficiary contract law.

Finally, to the extent that the Court does not dismiss the entire action in light of the arbitration of the entire dispute against both Defendants, given that Plaintiff seeks injunctive relief in her Complaint and has sued both the landlord and tenant of the physical facility at issue, which is located in Antioch, California, a stay should be granted pending the completion of the arbitration against Defendant Fitness International to ensure that that this Court does not award any injunctive relief to

---

[1] National Retail Properties, LP is the actual owner and landlord under the lease agreement with its tenant Fitness International. Defendant NRP is the parent company of National Retail Properties, LP. Thus, by suing NRP, Plaintiff has erroneously sued the wrong defendant. Nevertheless, for purposes of the instant Motion only, the Court should treat Defendant NRP and its affiliate, National Retail Properties, LP, as the same.

Plaintiff that is inconsistent with the relief to be awarded in the arbitration in the form of accessibility remediation and enhancements to the single physical facility at issue in this action.

## II.   BACKGROUND AND PROCEDURAL HISTORY

On or about March 16, 2016, Plaintiff signed a written Pre-Sale Membership Agreement (the "Membership Agreement") with Defendant Fitness International.  *See* Declaration of Christy Pham ("Pham Decl.") ¶ 3 Ex. 1.)  Such Membership Agreement is for membership for use of a fitness center operated by CSC at 5100 Lone Tree Way, Antioch, California.  *Id.*   Such Membership Agreement contains the following arbitration provisions on page 2 in bold lettering and inside a box for emphasis as follows:

"**Agreement to Arbitrate all Disputes.  IN THE EVENT OF ANY DISPUTE (OTHER THAN ONE FILED IN A COURT THAT IS LIMITED TO ADJUDICATING SMALL CLAIMS) BETWEEN YOU AND CSC ("CSC" AS USED IN THIS PROVISION MEANS CSC, ITS AFFILIATES, AND THEIR RESPECTIVE OFFICERS, DIRECTORS, EMPLOYEES AND AGENTS), YOU AND CSC CONSENT TO ARBITRATE THAT DISPUTE BEFORE A SINGLE ARBITRATOR UNDER THE THEN CURRENT RULES OF THE AMERICAN ARBITRATION ASSOCIATION IN A LOCATION NEAR YOUR CSC CLUB, RATHER THAN LITIGATE THE DISPUTE IN COURT.  YOU AND CSC ALSO AGREE THAT THE FEDERAL ARBITRATION ACT GOVERNS THE ARBITRABILITY OF ALL DISPUTES BETWEEN YOU AND CSC.  IF YOU DO NOT WANT TO BE BOUND BY THIS ARBITRATION PROVISION, YOU MUST NOTIFY CSC IN WRITING, BY MAIL TO CSC AT P.O. BOX 54170, IRVINE, CA 92619, WITHIN 30 DAYS OF THE DATE YOU FIRST RECEIVE THIS AGREEMENT, STATING THAT YOU DO NOT WANT TO RESOLVE DISPUTES WITH CSC BY ARBITRATION.  IN**

1    **ADDITION, YOU AGREE NOT TO PARTICIPATE IN A CLASS**

2    **ACTION, A CLASS-WIDE ARBITRATION, CLAIMS BROUGHT IN A**

3    **REPRESENTATIVE CAPACITY, OR CONSOLIDATED CLAIMS**

4    **INVOLVING ANOTHER PERSON'S ACCOUNT, IF CSC IS A PARTY**

5    **TO THE PROCEEDING.  THE ARBITRATOR SHALL INTERPRET**

6    **AND DETERMINE THE VALIDITY OF THE ARBITRATION**

7    **PROVISION, INCLUDING UNCONSCIONABILITY.  IF THE**

8    **ARBITRATOR FINDS THAT THE ARBITRATION AGREEMENT,**

9    **INCLUDING CLASS WAIVER, IS UNENFORCEABLE, IN WHOLE OR**

10    **IN PART, THE ENTIRE ARBITRATION PROVISION SHALL BE NULL**

11    **AND VOID AND EITHER PARTY MAY FILE THE ACTION IN**

12    **COURT.**"

13 (Pham Decl. ¶ 3 Ex. 1 at 2) (emphasis in original).  The foregoing arbitration provision

14 obligates the buyer of a CSC membership to engage in arbitration of all disputes (other

15 than a dispute filed in a small claims court).  Plaintiff did not notify Fitness

16 International, doing business as CSC, in writing by mail at its Irvine, California mailing

17 address set forth in the Membership Agreement that she did not want to resolve disputes

18 with CSC by arbitration within 30 days of her receipt of the Membership Agreement.

19 (Pham Decl. ¶ 5.)  Plaintiff has continuously renewed her membership in CSC through

20 all operative dates alleged in the Complaint.  (Pham Decl. ¶ 6.)

21      On September 21, 2018, Plaintiff commenced the instant action against

22 Defendants Fitness International and NRP alleging three claims for relief under:  (1) the

23 Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, (Compl.

24 ¶¶ 38-48); (2) the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*, (Compl. ¶¶ 31-

25 37); and (3) the Disabled Persons Act, Cal. Civ. Code § 54 *et seq.*, and the California

26 Health and Safety Code §§ 19955 *et seq*., (Compl. ¶¶ 11-30.)  Plaintiff's Complaint

27 alleges that Plaintiff is a disabled individual who is mobility-impaired and uses a

28 wheelchair for mobility.  (Compl. ¶ 7.)  The Complaint alleges that various physical

barriers exist at the CSC fitness facility located at 5100 Lone Tree Way, Antioch, California. (Compl. ¶¶ 1, 2, 14-16, 18-19.)  The Complaint alleges that Plaintiff made two visits to the CSC facility at issue on August 15, 2018 and August 22, 2018. (Compl. ¶¶ 14, 19.)  The Complaint alleges that Defendants Fitness International and NRP "are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings at all times relevant to this Complaint." (Compl. ¶ 8.)

On October 4, 2018, Plaintiff served Defendant Fitness International with the Summons and Complaint. (Dkt. 8.)  On October 8, 2018, Plaintiff served Defendant National Retail Properties, Inc. with the Summons and Complaint. (Dkt. 9.)

## III.   ARGUMENT

### A.   Legal Standard

"The Federal Arbitration Act ("FAA") [9 U.S.C. §1 *et seq.*] applies to arbitration agreements in any contract affecting interstate commerce." *Hebei Hengbo New Materials Tech. Co., Ltd. v. Apple, Inc.*, No. 18-CV-00468-LHK, 2018 WL 4635635, at *3 (N.D. Cal. Sept. 26, 2018) (Koh, J.) (citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001) and 9 U.S.C. § 2).  Under Section 3 of the FAA, "a party may apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.' " *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 3).  "If all claims in litigation are subject to a valid arbitration agreement, the court may dismiss or stay the case." *Apple*, 2018 WL 4635635, at *3 (citing *Hopkins & Carley, ALC v. Thomson Elite*, 2011 WL 1327359, at *7–8 (N.D. Cal. Apr. 6, 2011)).

The FAA states that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  "In deciding whether a dispute is arbitrable, a court must answer two questions: (1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement to arbitrate encompasses the claims at issue." *Apple*, 2018 WL 4635635, at *3 (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,

207 F.3d 1126, 1130 (9th Cir. 2000)).  "If a party seeking arbitration establishes these two factors, the court must compel arbitration."  *Apple*, 2018 WL 4635635, at *3 (citing *Chiron Corp.*, 207 F.3d at 1330); 9 U.S.C. § 4.  "The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms."  *Apple*, 2018 WL 4635635, at *3 (quoting *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991)).  "In cases where the parties 'clearly and unmistakably intend to delegate the power to decide arbitrability to an arbitrator,' the court's inquiry is 'limited...[to] whether the assertion of arbitrability is 'wholly groundless.' ' "  *Apple*, 2018 WL 4635635, at *3 (quoting *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1371 (Fed. Cir. 2006) (applying Ninth Circuit law)).

     "The FAA creates a body of federal substantive law of arbitrability that requires a healthy regard for the federal policy favoring arbitration and preempts state law to the contrary."  *Apple*, 2018 WL 4635635, at *3 (citing *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475–79 (1989) ("[T]he FAA must be resolved with a healthy regard for the federal policy favoring arbitration.")).  "When deciding whether the parties agreed to arbitrate a certain matter, courts generally apply ordinary state law principles of contract interpretation."  *Apple*, 2018 WL 4635635, at *3 (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) ("Courts generally should apply ordinary state-law principles governing contract formation in deciding whether [an arbitration] agreement exists.")).  Parties may also contract to arbitrate according to state rules, so long as those rules do not offend the federal policy favoring arbitration.  *Volt*, 489 U.S. at 476, 478–79 (looking to whether state rules "offend[ed] the rule of liberal construction" in favor of arbitration).  Thus, in determining whether parties have agreed to arbitrate a dispute, the court applies "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration."  *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042,

1044 (9th Cir. 2009) (quoting *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996)).  "[A]s with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability."  *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985).  If a contract contains an arbitration agreement, there is a "presumption of arbitrability," *AT & T, Techs., Inc. v. Comm. Workers of Am.* 475 U.S. 643, 650 (1986), and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

**B.**   **All of Plaintiff's Claims Against Defendant Fitness International Are Subject to the Broad Arbitration Agreement that Plaintiff Signed at the Outset of Her Membership in CSC.**

Plaintiff Marva Samuel's Title III ADA action against a public accommodation operated by Defendant Fitness International ignores the fact that Plaintiff's Membership Agreement that she entered into at the outset of her membership in CSC contains an enforceable arbitration agreement as to virtually all disputes with Fitness International. (Pham Decl. ¶ 3 Ex. 1.)

This Court should compel Plaintiff to submit all of her disputes against Fitness International to arbitration pursuant to the FAA for several reasons.  First, it is surely beyond dispute that Defendant Fitness International has timely invoked such arbitration agreement.  Defendant Fitness International was only served a few weeks ago, and has not even filed a responsive pleading yet.  The parties have not conducted any Rule 26(f) meeting yet, and have not engaged in any discovery.

Second, Plaintiff considered the arbitration agreement as part of her Membership Agreement at the time that she signed it on March 16, 2016, and, thus, she manifested her assent to such arbitration provisions by signing such Membership Agreement. Moreover, "her acceptance of the arbitration agreement does not depend upon whether she signed—or even upon whether she read—the agreement."  *Amirhamzeh v. Wells Fargo Bank, N.A.*, Case No. 14-cv-02123-VC, 2014 WL 12610227, at *2 (N.D. Cal.

Oct. 31, 2014) (Chhabria, J.) (citing *Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1439 (9th Cir. 1994) ("While the FAA requires a writing, it does not require that the writing be signed by the parties." (internal quotation marks omitted)); *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 282 P.3d 1217, 1224 (Cal. 2012) ("A signed agreement [to arbitrate] is not necessary ..., and a party's acceptance may be implied in fact.... An arbitration clause within a contract may be binding on a party even if the party never actually read the clause.")). After she signed the Membership Agreement, Plaintiff continued to accept Defendant Fitness International's fitness center services despite receiving a copy of her Membership Agreement. *Amirhamzeh*, 2014 WL 12610227, at *1 ("Although Amirhamzeh did not receive the Terms and Conditions materials that included the arbitration agreement until after enrolling in the service, ***she continued to accept Trilegiant's services after receiving the Terms and Conditions. By doing so, rather than canceling her service at the end of the 30-day trial period, she manifested her acceptance of the arbitration agreement contained in those Terms and Conditions***.") (emphasis added and citing cases). Indeed, the manifestation of acceptance of the arbitration agreement is even stronger in the instant action than the circumstances at issue in *Amirhamzeh* because Plaintiff, here, was presented with the full Membership Agreement before she signed it and received a full copy immediately upon signing it. (Pham Decl. ¶¶ 3, 4.)

Third, the scope of the arbitration agreement is very broad, *Amirhamzeh*, 2014 WL 12610227, at *1, and it encompasses the claims alleged against Defendant Fitness International. *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Canst. Corp.*, 460 U.S. 1, 24–25 (1983) ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issue should be resolved in favor of arbitration.") and *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir. 1999)). The only exception, which does not apply, is if Plaintiff had commenced her court case in a California small claims court.

/ / /

Fourth, under the terms of the Membership Agreement, such arbitration is to be conducted under the rules of the American Arbitration Association at a location near Antioch, California so that it shall be convenient for Plaintiff to participate in such arbitration.

"Because [Plaintiff] entered into valid and enforceable arbitration agreement with [Defendant Fitness International] and her claims fall within the scope of the agreement, [Defendants'] motion [should be] granted." *Amirhamzeh*, 2014 WL 12610227, at *2.

## C.   The Court Should Allow Defendant NRP to Enforce Plaintiff's Arbitration Agreement.

Although Defendant NRP is a nonsignatory to the Membership Agreement, Defendant NRP is entitled to invoke the arbitration agreement signed by Plaintiff as to her dispute with Defendant NRP under principles of California's equitable estoppel, agency, and third-party beneficiary contract law.

### 1.   Equitable Estoppel Applies to Defendant NRP

Defendant NRP is entitled to invoke the doctrine of equitable estoppel. "The United States Supreme Court has held that a litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013) (discussing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632, 129 S. Ct. 1896, 173 L.Ed.2d 832 (2009)); *accord Rajagopalan v. NoteWorld, LLC*, 718 F.3d 844, 846–47 (9th Cir. 2013).

Under California law, a party that is not otherwise subject to an arbitration agreement will be equitably estopped from avoiding arbitration only under two very specific conditions. In *Kramer*, the Ninth Circuit adopted as a controlling statement of California law the equitable estoppel rule set forth in *Goldman v. KPMG LLP*, 173 Cal. App. 4th 209, 92 Cal.Rptr.3d 534 (2009):

"Where a nonsignatory seeks to enforce an arbitration clause, the doctrine of equitable estoppel applies in two circumstances: (1) when a signatory must rely

on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are intimately founded in and intertwined with the underlying contract, and (2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and the allegations of interdependent misconduct are founded in or intimately connected with the obligations of the underlying agreement."

*Kramer*, 705 F.3d at 1128–29 (internal alteration, citations, and quotation marks omitted).  This rule reflects the policy that a plaintiff may not, "on the one hand, seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory.' "  *Goldman*, 92 Cal.Rptr.3d at 543 (quoting *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 528 (5th Cir.2000)); *see also Metalclad Corp. v. Ventana Envtl. Organizational P'ship*, 109 Cal. App. 4th 1705, 1 Cal.Rptr.3d 328, 337 (2003) (reasoning that equitable estoppel applies where a plaintiff "agreed to arbitration in the underlying written contract but now, in effect, seeks the benefit of that contract in the form of damages ... while avoiding its arbitration provision").  Thus, the Court must analyze whether Defendant NRP satisfies either of the two *Kramer/Goldman* exceptions to the general rule precluding nonsignatories from requiring arbitration of their disputes.

### a.   <u>Reliance on the Underlying Contract</u>

Under the first *Goldman* prong, equitable estoppel applies when the plaintiff's claims "are 'intimately founded in and intertwined' with the underlying contract obligations."  *Jones v. Jacobson*, 195 Cal. App. 4th 1, 125 Cal.Rptr.3d 522, 538 (2011) (quoting *Boucher v. Alliance Title Co.*, 127 Cal. App. 4th 262, 25 Cal.Rptr.3d 440, 446 (2005)).  "This requirement comports with, and indeed derives from, the very purposes of the doctrine: to prevent a party from using the terms or obligations of an agreement as the basis for his claims against a nonsignatory, while at the same time refusing to

1   arbitrate with the nonsignatory under another clause of that same agreement."
2   *Goldman*, 92 Cal.Rptr.3d at 543–44.

3       Plaintiff's claims against Defendant NRP rely on, and are intertwined with, the
4   Membership Agreement between Fitness International and Plaintiff.  After all, the only
5   reason why Plaintiff is entitled to gain access to and patronize as a customer the
6   Antioch, California facility at issue is because of the existence of Plaintiff's
7   Membership Agreement, which allows Plaintiff to continue to be a member of the
8   fitness club at issue.  Thus, Plaintiff's Membership Agreement is highly relevant to
9   Plaintiff's claims against both Defendants.

10       **b.**   **Substantial Interdependence Founded in Underlying**
11          **Membership Agreement**

12       Under the second *Goldman* prong, the doctrine of equitable estoppel may apply
13   in certain cases where a signatory to an arbitration agreement attempts to evade
14   arbitration by suing nonsignatory defendants for "claims that are based on the same
15   facts and are inherently inseparable from arbitrable claims against signatory
16   defendants."  *Metalclad*, 1 Cal.Rptr.3d at 334 (internal quotation marks omitted).
17   However, under *Goldman*:

18       "[M]ere allegations of collusive behavior between signatories and nonsignatories
19       to a contract are not enough to compel arbitration between parties who have not
20       agreed to arbitrate: those allegations of collusive behavior must also establish that
21       the plaintiff's claims against the nonsignatory are intimately founded in and
22       intertwined with the obligations imposed by the contract containing the
23       arbitration clause. It is the relationship of the claims, not merely the collusive
24       behavior of the signatory and nonsignatory parties, that is key."
25   92 Cal.Rptr.3d at 545 (internal alteration and quotation marks omitted).

26       Even where a plaintiff alleges collusion, "[t]he *sine qua non* for allowing a
27   nonsignatory to enforce an arbitration clause based on equitable estoppel is that the
28   claims the plaintiff asserts against the nonsignatory are dependent on or inextricably

1   bound up with the contractual obligations of the agreement containing the arbitration

2   clause." *Id.* at 537.

3        Plaintiff's claims bear the requisite relationship to the Membership Agreement to

4   warrant application of equitable estoppel.   On one hand, Plaintiff seeks to

5   simultaneously invoke the duties and obligations of Fitness International under the

6   Membership Agreement while, on the other hand, seeking to avoid arbitration.   Thus,

7   the inequities that the doctrine of equitable estoppel is designed to address are present.

8   As such, under California law, Plaintiff should be equitably estopped from litigating

9   their claims against Defendant NRP.

10        **2.   <u>An Agency Relationship Exists.</u>**

11        In California, "[a] nonsignatory to an agreement to arbitrate may be required to

12   arbitrate, and may invoke arbitration against a party, if a preexisting confidential

13   relationship, such as an agency relationship between the nonsignatory and one of the

14   parties to the arbitration agreement, makes it equitable to impose the duty to arbitrate

15   upon the nonsignatory." *Westra v. Marcus & Millichap Real Estate Inv. Brokerage Co.*,

16   129 Cal. App. 4th 759, 28 Cal.Rptr.3d 752, 756 (2005).

17        Defendant NRP, as the parent of the landlord of the facility at issue, and Fitness

18   International, as the tenant of the Antioch facility at issue, acted as the agent of each

19   other in collectively ensuring that such Antioch facility complied with any and all

20   federal, state, or local accessibility requirements intended to inure to the benefit of

21   customers/patrons who were disabled persons.   It goes without saying that an agency

22   relationship in fact existed with respect to their collective efforts.   Indeed, the

23   Complaint expressly alleges the existence of an agency relationship as to both of the

24   Defendants with respect to each other.   (Compl. ¶ 8.)   As such, Plaintiff is bound by

25   such judicial admission.   Given such agency relationship, it would be equitable to

26   impose the duty to arbitrate upon the nonsignatory, Defendant NRP.

27   / / /

28   / / /

### 3.   <u>Defendant NRP is a Third-Party Beneficiary of the Membership Agreement.</u>

Defendant NRP is a third-party beneficiary of the Membership Agreement, and is therefore entitled to arbitration. In California, "[e]xceptions in which an arbitration agreement may be enforced by or against nonsignatories include where a nonsignatory is a third party beneficiary of the agreement." *Nguyen v. Tran*, 157 Cal. App. 4th 1032, 68 Cal.Rptr.3d 906, 909 (2007).

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code § 1559. the parties to the contract must have expressly intended that the third party would benefit. *Matthau v. Super. Ct.*, 151 Cal. App. 4th 593, 60 Cal.Rptr.3d 93, 99 (2007). The Membership Agreement reflects such an intent. Indeed, the arbitration clause is not merely limited to include disputes with Defendant Fitness International itself. It is also intended to benefit its affiliates, and their respective officers, directors, employees, and agents. The fact that Defendant Fitness International's agents are included within the scope of the arbitration provision is significant.

Indeed, by entering into a landlord-tenant relationship with an operator of a public accommodation, both Defendants NRP and Fitness International were well aware about the prospect of accessibility-related litigation as to the Antioch facility, which would require the cooperation of both in order to remove any and all alleged accessibility violations at that facility. Yet, if the claims against one defendant are resolved via arbitration while the claims against the other defendant are resolved in court, the prospect of inconsistent injunctive relief awards is high. As such, it is more than reasonable to interpret Defendant NRP as an intended third-party beneficiary of the arbitration agreement at issue.

Thus, Defendant NRP should be entitled to enforce the arbitration agreement as a third-party beneficiary.

/ / /

**D.     The Court Should Stay the Action Pending the Completion of the Arbitration.**

To the extent that this Court does not dismiss this entire action based upon the impending arbitration of the entire dispute, *Apple*, 2018 WL 4635635, at \*3 ("If all claims in litigation are subject to a valid arbitration agreement, the court may dismiss or stay the case."), regardless of whether the Court orders that Plaintiff's claims against Defendant NRP be submitted to arbitration, given that Plaintiff seeks injunctive relief in her Complaint (the only relief available under Title III of the ADA is injunctive relief),[2] and has sued both the landlord and tenant of the physical facility at issue, which is located in Antioch, California, a stay should be granted pending the completion of the arbitration involving Defendant Fitness International so that this Court does not award any injunctive relief to Plaintiff that is inconsistent with the relief to be awarded in such arbitration in the form of accessibility remediation and enhancements to the single physical facility at issue in this action.

As this Court explained in *Indiezone, Inc. v. Rooke*, Case No. 13-cv-04280-VC, 2014 WL 12613308, at \*2 (N.D. Cal. June 17, 2014) (Chhabria, J.), *withdrawn by*, 2014 WL 4354122 (N.D. Cal. Sept. 2, 2014), "judicial economy, efficiency, and the potential for inconsistent findings all weigh in favor of staying the case against the remaining defendants." *Id.* at \*2 (citing 9 U.S.C. § 3[3] and *Swift v. Zynga Game Network, Inc.*, 805 F. Supp. 2d 904, 917 (N.D. Cal. 2011)).  Such reasoning applies here.

---

[2] The only remedy available to a private litigant under Title III is injunctive relief.  42 U.S.C. § 12188(a); *see also Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA-only injunctive relief is available for violations of Title III"); *Fisher v. SJB–P.D. Inc.*, 214 F.3d 1115, 1120 (9th Cir. 2000) ("Monetary relief is not an option for private individuals under Title III of the ADA.").
[3] "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."  9 U.S.C. § 3.

1   **IV.    <u>CONCLUSION</u>**

2          For the foregoing reasons, it is respectfully requested that the Motion be granted,

3   and that the Court grant such further and other relief as it deems appropriate.

4

5   Dated:  October 25, 2018                PACIFIC TRIAL ATTORNEYS
                                            A Professional Corporation
6                                           Scott J. Ferrell
                                            David W. Reid
7

8

9                                           By: _/s/Scott J. Ferrell_____
                                               Scott J. Ferrell
10                                             Attorneys for Defendants
                                               FITNESS   INTERNATIONAL,   LLC   and
11                                             NATIONAL RETAIL PROPERTIES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on October 25, 2018, I electronically filed the foregoing

3   **NOTICE OF MOTION AND DEFENDANT FITNESS INTERNATIONAL, LLC**

4   **AND NATIONAL RETAIL PROPERTIES, INC.'S MOTION TO COMPEL**

5   **ARBITRATION AND FOR STAY PENDING ARBITRATION;**

6   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

7   with the Clerk of the Court using the CM/ECF system which will send notification of

8   such filing via electronic mail to all counsel of record.

9

10                          */s/ Scott J. Ferrell*
                              Scott J. Ferrell

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE